IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEENAN BLACK,

      Defendant.

Criminal No. 11-0045-004
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT RE: DEFENDANT'S PRO SE MOTION TO VACATE SENTENCE (DOC. NO. 1427)

On October 29, 2012, following a bench trial, Keenan Black ("Defendant") was adjudicated guilty of the drug and firearm offenses at Counts 12, 13, and 14 of the Superseding Indictment.[1] Doc. No. 1131. In preparation for sentencing, the United States Probation Office filed a Presentence Investigation Report. Doc. No. 1208. In this report, the Probation Officer detailed that Defendant's total offense level was 34 and his past criminal convictions equated to a criminal history category of VI, which resulted in an advisory guideline range of 360 months to life. Id. This guideline range was driven by Defendant's designation as a career offender as defined by 18 U.S.C. § 924(c). Doc. No. 1208, ¶ 76. Count 13, possession of a firearm in furtherance of a drug trafficking crime, carried a mandatory minimum sentence of 5 years imprisonment; and Count 14, possession of a firearm by a convicted felon, carried a mandatory

---

[1] Defendant voluntarily waived his right to jury trial on October 22, 2012. Doc. No. 1101. Defendant was charged at the following counts of the Superseding Indictment: Count 12: possession with intent to distribute a mixture or substance containing a detectable amount of heroin on or about January 6, 2011; Count 13: possession of a firearm in furtherance of a drug trafficking crime on or about January 6, 2011; and Count 14: possession of a firearm by a convicted felon on or about January 6, 2011. Doc. No. 273.

1

minimum sentence of 15 years imprisonment. Defendant did not object to the Presentence Investigation Report. Doc. No. 1244.

On May 7, 2013, Defendant was sentenced to a 60 month term of imprisonment at Counts 12 and 13 and an additional 180 month term of imprisonment at Count 14, to be served consecutively, for a total of 300 months imprisonment. Doc. No. 1298. Defendant appealed the Court's sentence to the United States Court of Appeals for the Third Circuit. Doc. No. 1299. In his counseled appeal, Defendant contended that this Court erred in adding an Armed Career Criminal Act ("ACCA") enhancement to his sentence based upon four earlier convictions. Doc. No. 1353. Two of these offenses were outlined in the Government's Information Stating Prior Convictions Pursuant to Title 21, United States Code, Section 851, which was filed in advance of trial. Doc. No. 1117. The qualifying offenses set forth in the document were:

1. Trafficking in Cocaine in violation of 16 Delaware Code of 1974 § 4753(A) (2004);
2. Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance in violation of 16 Delaware Code of 1974 § 4751 (1999)

Defendant's other qualifying offenses were (1) Conspiracy in the Second Degree (2004) and (2) Possession of a Firearm During the Commission of a Felony (1999). Doc. No. 1208. On March 5, 2014, this Court's judgment was affirmed by the United States Court of Appeals for the Third Circuit, because Defendant did not establish a factual basis to support his contention that Possession of a Firearm During the Commission of a Felony is not an ACCA qualifying offense nor did he establish that the Court's inclusion of this offense constituted plain error. Doc. Nos. 1349, 1353-1, *United States v. Black*, 558 Fed.Appx. 249 (3d Cir. 2014).

Presently before this Court is *Pro Se* Defendant's timely Motion to Vacate under 28 U.S.C. § 2255. Doc. No. 1427. Defendant moves this Court to vacate his sentence based upon

trial counsel's allegedly prejudicial failure to object to his classification as an Armed Career Criminal and further alleged failure to effectively raise an argument that the Court improperly relied on a previous trafficking in cocaine conviction on appeal. Id. The Government wholly opposes this Motion. Doc. No. 1442.

The Court will first address Defendant's contentions as to his trial counsel's allegedly deficient performance. Defendant bears the burden to demonstrate defective performance by his counsel and resultant legal prejudice. *Burt v. Titlow*, 134 S.Ct. 10, 17 (2013). An ACCA enhancement is warranted where a felon-in-possession has a criminal history including at least three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). On appeal to the United States Court of Appeals for the Third Circuit, the Government acknowledged that "Trafficking in Cocaine" was not properly included as a ACCA predicate offense because it is neither a violent felony nor a serious drug offense. Defendant's main contention in the present Motion is that Possession of a Firearm During the Commission of a Felony is not a ACCA predicate offense because he pled guilty to possessing the firearm while committing the crime of simple possession, which is not a felony, and thus, this offense does not qualify as either a violent felony or serious drug offense as defined in connection with the ACCA.

A review of the underlying documents from the appropriate Court supports a continued finding that the offense of Possession of a Firearm During the Commission of a Felony is a ACCA predicate offense. Doc. No. 1442-1. Defendant's affidavit does not carry his burden to demonstrate that this finding was the result of defective performance by his counsel or resulted in legal prejudice. Further, as noted by the Government, Defendant's applicable advisory guideline range and resultant sentence was driven by his status as a career offender pursuant to

3

18 U.S.C. § 924(c) and the underlying federal offenses, not his designation as an Armed Career Criminal.  Therefore, no prejudice resulted from Defense Counsel's representation, regardless of whether it was arguably ineffective.  Defendant's argument as to the performance of his counsel in handling his appeal has similarly not established any ground to disturb his sentence.

Therefore, because Defendant has not demonstrated deficient performance by his counsel or any resultant legal prejudice, the following Order is entered:

AND NOW, this 16th day of June, 2015, IT IS HEREBY ORDERED THAT Defendant's *Pro Se* Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. No. 1427) is **DENIED**.

A certificate of appealability should not issue pursuant to 28 U.S.C. § 2253 because Defendant has not made a substantial showing of a denial of a constitutional right.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties

Mr. Keenan Black
#06757-015
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804